# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Juan Carlos Pelagio Mendoza, | Case No.: 2:26-cv-00011-JAD-MDC |
| Petitioner | |
| v. | **Order Granting Habeas Petition, Denying Motion for Temporary Restraining Order as Moot, and Denying Motion to Dismiss** |
| Todd Blanche,[1] et al., | |
| Respondents | [ECF Nos. 12, 19, 23] |

Petitioner Juan Carlos Pelagio Mendoza is a Mexican citizen who has lived in the United States since 1999. He was arrested by Immigration and Customs Enforcement (ICE) officials in April 2025 and was later released on bond while his removal proceedings were pending. About a month after his release, he was arrested by local law enforcement and transferred to ICE custody. Mendoza was not given a bond revocation hearing or any other opportunity to contest his re-detention, and he has remained in ICE custody since his arrest. His removal proceedings remain pending.

Mendoza petitions this court for a writ of habeas corpus ordering his release from ICE custody. He contends that his re-detention without a hearing violated the government's own regulations and his due-process rights. The government responds that Mendoza is detained under 8 U.S.C. § 1225(b)(2)(A), which requires that he remain detained without a bond hearing. The government simultaneously moves to dismiss the petition, arguing that Mendoza didn't exhaust his administrative remedies by asking for another bond hearing after his June 2025

---

[1] Todd Blanche has replaced respondent Pamela Bondi as the Acting Attorney General of the United States, and Markwayne Mullin has replaced respondent Kristi Noem as United States Secretary of Homeland Security, so I substitute them as respondents under Federal Rule of Civil Procedure 25(d).

arrest.  And Mendoza seeks a temporary restraining order directing his immediate release while these proceedings are pending, arguing that § 1226(a) governs his detention and that due process requires that he receive a bond-revocation hearing before being re-detained.[2]

I deny the government's motion to dismiss because, in light of the government's position that Mendoza is not entitled to any bond hearings, any exhaustion attempts on Mendoza's part would be futile.  I also grant Mendoza's petition and order his release.  I join the hundreds of district courts and the Second Circuit in rejecting the government's § 1225(b)(2) arguments. Mendoza has been present in this country for decades and is not seeking admission, so the mandatory detention authorized by that statute does not apply to him.  Mendoza has thus been detained for about 11 months without a bond-revocation hearing, and I find that his prolonged detention violates his due-process rights.  The only appropriate remedy under these circumstances is release.  Because resolving the petition gives Mendoza the relief he seeks, I deny as moot his motion for a temporary restraining order.

## Background

Petitioner Juan Carlos Pelagio Mendoza is a Mexican citizen who has resided in the United States since 1999.[3]  He was arrested by ICE officials in April 2025 and placed into removal proceedings.[4]  In May 2025, Mendoza had a custody-redetermination hearing at which the immigration judge (IJ) granted his release on bond and imposed as conditions of his release "No driving a motor vehicle without a valid driver's license" and "no consumption of alcohol or

---

[2] This court held a hearing on these pending matters on May 12, 2026.  *See* ECF No. 25 (minutes).

[3] ECF No. 14-3.

[4] *Id.*

recreational drugs."[5]  On June 15, 2025, Mendoza was arrested by local law enforcement for driving under the influence and held at the Clark County Detention Center.[6]  That charge remains pending.

Two days later, ICE officials took Mendoza back into immigration custody.[7]  At a hearing later that month, the IJ told him that the court "would be unlikely to grant a second bond to" Mendoza because his arrest appeared to violate a condition of his first release.[8]  The court did not conduct a bond-revocation hearing, did not take evidence, and did not make any findings concerning whether Mendoza was a danger to the community or a flight risk.[9]  Nor has the government provided any documents showing that Mendoza was given notice that his bond was revoked or that he was informed of bond-revocation procedures.

On August 11, 2025, the IJ granted Mendoza's application for cancellation of removal.[10]  In April 2026, the Board of Immigration Appeals (BIA) granted the government's appeal of that decision, and Mendoza's petition for review remains pending before the Ninth Circuit.  Mendoza has been detained at the Nevada Southern Detention Center throughout all of those proceedings.

**Discussion**

Mendoza contends that the revocation of his bond and his prolonged detention without additional bond hearings violate his Fifth Amendment due-process rights.  The government

---

[5] ECF No. 14-4.

[6] ECF No. 14-3.

[7] *Id.*

[8] ECF No. 14 at 4.  As support for this statement, the government cites a notice of appeal of Mendoza's removal order, which has nothing to do with the IJ's comments on bond.  But Mendoza alleges that the IJ said something similar to him at that June hearing, ECF No. 12 at 5, so I assume that the IJ made such statements.

[9] ECF No. 12 at 5.

[10] ECF No. 13-1.

responds with three primary arguments: (1) this court lacks jurisdiction to hear this case; (2) the petition should be dismissed because Mendoza didn't exhaust his administrative remedies by seeking further bond hearings from the immigration court; and (3) Mendoza is an "arriving alien" under 8 U.S.C. § 1225(b)(2)(A) and thus may be detained without a bond hearing while his removal proceedings are pending.  None of these arguments succeeds.

**A.      This court has jurisdiction to hear Mendoza's claims.**

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[11]  That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained.  The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under the United States' immigration laws.[12]

The government sees it differently.  It argues that this court is without jurisdiction to consider Mendoza's case because 8 U.S.C. § 1252(e)(3) limits review of "determinations under section 1225(b) of this title,"[13] § 1252(g) bars district courts from reviewing the decision to "[c]ommence proceedings, adjudicate cases, or execute removal orders[,]"[14] and § 1252(b)(9) channels review of final orders of removal to the federal courts of appeals.[15]  None of these arguments has any merit.  As I discuss further infra, Mendoza is not subject to detention under § 1225(b), so the jurisdiction-stripping provision in § 1252(e)(3) doesn't apply here.  Section

---

[11] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art 1, § 9, cl. 2).

[12] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[13] 8 U.S.C. § 1252(e)(3).

[14] 8 U.S.C. § 1252(g).

[15] *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1035 (9th Cir. 2016).

1252(g) is a narrow "discretion-protecting provision"[16] that bars challenges only to the three discrete actions enumerated in the statute.[17]  Mendoza does not challenge the government's decision to commence his proceedings, adjudicate his case, or execute his removal order, so that provision doesn't apply either.

The government's § 1252(b)(9) argument fares no better.  Section 1252(b)(9) does not present a jurisdictional bar if petitioners are not "asking for review of an order of removal," "challenging the decision to detain them in the first place or to seek removal," or "challenging any part of the process by which their removability will be determined."[18]  Mendoza is not challenging the removal order itself or any of the determinations related to removal.  He instead contends that his continued detention while those proceedings are ongoing is unconstitutional.  Because courts have jurisdiction to consider challenges to the lawfulness of immigration-related detention,[19] this court has jurisdiction to hear Mendoza's claims.

**B.      The government's exhaustion arguments are unavailing.**

The government moves to dismiss Mendoza's petition on the basis that he failed exhaust his administrative remedies.  It cites to the Ninth Circuit's opinion in *Leonardo v. Crawford*[20] to contend that a petitioner "*must* seek review from the BIA on bond determinations prior to filing a habeas petition."[21]  In *Leonardo*, the petitioner sought habeas review before he appealed the IJ's

---

[16] *Ibarra-Perez v. United States*, 154 F.4th 989, 996 (9th Cir. 2025).

[17] *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) ("The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'").

[18] *Jennings v. Rodriguez*, 583 U.S. 281, 294–95 (2018).

[19] *Zadvydas*, 533 U.S. at 687.

[20] *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011).

[21] ECF No. 19 at 1.

adverse bond determination to the BIA.[22]  The panel held that the petitioner's "short cut was improper" and concluded that, if "a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused."[23]  Because Mendoza has not asked for another bond hearing, the government contends that he has not exhausted his administrative remedies, and his habeas petition should be dismissed.

The government's exhaustion argument cannot be squared with its primary contention that Mendoza is not entitled to any bond hearing because he is detained under § 1225(b)(2)(A). The Ninth Circuit has explained that "the exhaustion requirement is prudential, rather than jurisdictional, for habeas claims."[24]  "[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'"[25]

I find that exhaustion of remedies would be futile here.  In *Matter of Yajure Hurtado*, the BIA endorsed the government's broad application of § 1225(b)(2)(A) to petitioners like Mendoza and held that IJ's lack jurisdiction to hear bond-determination requests from noncitizens subject to mandatory detention under that statute.[26]  Despite the fact that there is a class action currently pending in this district rejecting the government's § 1225(b)(2)(A) interpretation and enjoining the government from depriving noncitizens who should be detained

---

[22] *Leonardo*, 646 F.3d at 1160.

[23] *Id.*

[24] *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

[25] *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

[26] *Matter of Yajure Hurtado*, 29 I. & N. Dec 216, 229 (BIA 2025).

under § 1226(a) of the opportunity to receive bond hearings, the government continues to press its theory that § 1225(b)(2)(A) and not § 1226(a) applies to Mendoza.  Plus, Mendoza has been detained for 11 months without a hearing, and only recently was the government forced to provide hearings to petitioners like him.  Under these circumstances, I find it appropriate to waive the exhaustion requirement because seeking another bond determination would be futile, and further irreparable injury would result in Mendoza's continued detention while he waits to see if those proceedings occur as they should.

**C.    Section 1225(b)(2)(A) does not apply to Mendoza because the government's interpretation of that provision is incorrect.**

The government contends that Mendoza is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).  That provision requires mandatory detention "in the case of [a noncitizen] who is an applicant for admission, if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted."[27]  The government contends that, though Mendoza has been residing in the United States for more than 25 years, he remains an "applicant for admission" and is seeking admission, and thus falls under § 1225(b)(2)(A)'s mandatory-detention scheme.  It contends that § 1226(a), which grants noncitizen detainees the opportunity for release on bond, applies only to noncitizens who entered the United States legally but stay in the country illegally (i.e., arriving on a time-limited student visa, but staying past the visa's expiration).

This interpretation of the INA's pre-removal detention provisions, which the government began following in July 2025, upends decades of well-settled practice and has been the subject of

---

[27] 8 U.S.C. § 1225(b)(2)(A).

hundreds of court cases and a circuit split.[28]  Before the switch, the government applied § 1226(a) to noncitizens already present within the United States who are inadmissible, while § 1225(b)(2)(A) was reserved for citizens seeking admission after lawfully entering the country at a border after inspection and authorization.  The government contends that its new interpretation is more consistent with the statute's text.

Considering the text, structure, and history of these provisions, I conclude that the government's new interpretation is incorrect.  In the interest of judicial economy,[29] I incorporate by reference and adopt U.S. District Judge Richard F. Boulware II's statutory analysis of the INA in *Jacobo Ramirez v. Mullin*,[30] finding that § 1225(b)(2)(A) cannot be read to encompass noncitizens who are already present in the United States, as opposed to those detained at its borders.  And to the extent that the government relies on the Fifth and Eighth Circuits' opinions finding that the government's interpretations are correct, I incorporate by reference and adopt the conflicting findings the Second Circuit reached in *Cunha v. Freden.*[31]  After careful review and consideration, I conclude that the reasoning in those opinions faithfully analyzes the statute and comes to the only plausible interpretation: § 1225(b)(2)(A) applies at the borders to noncitizens who seek admission to this country, and § 1226(a) applies to those noncitizens already present in

---

[28] *Compare Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) *with Cunha v. Freden*, __ F.4th __, 2026 WL 1146044 (2d. Cir. 2026).  The Ninth Circuit has at least one pending appeal confronting this issue.  *See Rodriquez-Vasquez v. Bostock*, Case No. 25-6842 (9th Cir.).

[29] *See, e.g.*, *Hernandez-Luna v. Noem*, 2025 WL 3102039, at *5 (D. Nev. Nov. 6, 2025) (noting that "much ink has been spilled on this [issue] in hundreds of orders issued in the last couple of months" and collecting cases).

[30] *Jacobo Ramirez v. Mullin*, 2026 WL 879799 (D. Nev. Mar. 30, 2026).  Specifically, I incorporate sections IV and VI.C.1, 2, and 4s' findings and conclusions concerning the text and structure of §§ 1225 and 1226, the legislative history and purpose of the INA, and the prior agency practice.

[31] *Cunha*, 2026 WL 1146044 (2d. Cir. 2026).

the United States who are determined to be inadmissible and placed in removal proceedings. So, because it is undisputed that Mendoza has been residing in the United States since 1999, § 1226(a) governs his detention.

**D.      Mendoza's prolonged detention without process warrants his release.**

"The Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."[32]  But the amount of process due to noncitizens "must account for the government's countervailing interests in immigration enforcement—considerations that do not apply to U.S. citizens."[33]  The Ninth Circuit applies the three-factor test outlined in the Supreme Court case *Mathews v. Eldridge*[34] to determine whether a noncitizen's procedural due-process rights have been violated in immigration-detention situations like this one.[35]  Under *Mathews*, courts must consider "*first*, the private interest that will be affected by the official action; *second*, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and *finally*, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."[36]

I find that Mendoza's liberty interest in freedom from prolonged detention is substantial. He was released on bond, but that bond was revoked without notice and opportunity to contest revocation or seek another bond hearing.  He has been detained for about 11 months without the

[32] *Rodriguez Diaz*, 53 F.4th at 1205 (quoting *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021)).

[33] *Id.* at 1206.

[34] *Mathews v. Eldridge*, 424 U.S. 319 (1976).

[35] *Rodriguez Diaz*, 53 F.4th at 1207 (assuming without deciding that *Mathews* applies to a noncitizen's challenge to detention under § 1226(a)).

[36] *Mathews*, 424 U.S. at 335 (cleaned up).

ability to seek release because of the government's position that he is mandatorily detained under § 1225(b)(2)(A).  There is no indication in the record that his removal proceedings will be completed anytime soon.  Mendoza also faces a severe risk of erroneous deprivation of his rights without notice-and-hearing procedures.  Though the government appears to suggest that Mendoza would receive a custody redetermination hearing if he asks for one, this late-in-the-game hearing would not cure the deprivation of rights that Mendoza has already suffered and would further prolong his detention.  And there's no guarantee that a custody redetermination hearing would cure the harm that Mendoza suffered through revocation of bond without due process.  Finally, though the government has an interest in enforcing its immigration laws,[37] I cannot conclude that the government's interests outweigh Mendoza's in this case.  The parties' interests are not mutually exclusive: the government's interest in enforcing immigration law and protecting the public from dangerous noncitizens can still be served while offering due-process protections to the noncitizens in its custody.

Under these circumstances, I find that release is the appropriate remedy for the continuing due-process violations Mendoza has suffered.[38]  The government may not further restrain Mendoza without holding an appropriate bond revocation hearing.  And because this finding affords Mendoza the relief he seeks, I do not reach the other claims in his amended petition and deny as moot his motion for a temporary restraining order.

## Conclusion

IT IS THEREFORE ORDERED that Juan Carlos Pelagio Mendoza's petition for habeas corpus **[ECF No. 12] is GRANTED**.  **Petitioner Juan Carlos Pelagio Mendoza must be**

---

[37] *See Rodriguez-Diaz*, 53 F.4th at 1208.

[38] *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (noting that release is the "typical remedy" for "unlawful executive detention").

**released from detention within three days of this order**.  The government is enjoined from re-detaining Mendoza under any pre-removal authority unless they provide a constitutionally adequate bond revocation hearing.

IT IS FURTHER ORDERED that respondents must file and serve on defense counsel:

(1) notice of the date, time, and location of Mendoza's release at least 24 hours before the release is set to occur, and

(2) within four days of this order, notice that Mendoza's release was effectuated.

IT IS FURTHER ORDERED that Mendoza's motion for a temporary restraining order **[ECF No. 23] is DENIED** as moot.

IT IS FURTHER ORDERED that the federal respondents' motion to dismiss **[ECF No. 19] is DENIED.**

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

The Clerk of Court is directed to SEND a copy of this order to the Warden of the Nevada Southern Detention Center in Pahrump, Nevada, and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
May 18, 2026